IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                        20-CR-184-JLS

MELANIE THOMPSON,

Defendant.

## PLEA AGREEMENT

The defendant, MELANIE THOMPSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (distribution of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18,

United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant understands that the Court must impose an assessment of not more than $35,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment.

4.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims as determined by the Court, but which is no less than $3,000 per victim. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

5.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

6.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:   where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

7.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

      a.      The defendant knowingly distributed a visual depiction;

      b.      The visual depiction was child pornography, as defined in Title 18, United States Code, Section 2256(8);

      c.      The defendant knew that the visual depiction she distributed constituted child pornography; and

      d.      The child pornography had been shipped or transported using any means or facility of interstate or foreign commerce, or had

3

been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## FACTUAL BASIS

8.  The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.  Between on or about January 9, 2017, and on or about March 6, 2020, in the Western District of New York, the defendant did use, persuade, induce, entice, and coerce Victim 1, a minor female, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.  On these occasions, Victim 1 was in the custody, care, and supervisory control of the defendant.  Some of the photographs produced by the defendant depict Victim 1 masturbating; the remainder of the photographs depict Victim 1 displaying her genitalia in a lascivious manner.  The photographs were produced by the defendant using the defendant's Motorola XT1710-02 and Samsung Galaxy Core Prime cellular telephones and Victim 1's Samsung Galaxy S8+ SM-G955U cellular telephone, all of which were manufactured outside of New York State.  For part of this period of time, Victim 1 had attained the age of twelve years but not attained the age of sixteen years.

b.  The defendant produced child pornography of Victim 1 in furtherance of her plan to impersonate Victim 1 and engage in conversations of a sexual nature with other individuals via text message and online social media applications, as further described in ¶¶ 8(c)-(g), below.

c.  Between in or about September 2019, and on or about March 6, 2020, in the Western District of New York, the defendant impersonated Victim 1 and engaged in conversations of a sexual nature with Victim 2, a minor male, via text message.

d.  Between in or about March 2019, and in or about July 2019, in the Western District of New York, the defendant impersonated Victim 1 and engaged in conversations of a sexual nature with Victim 3, a minor male, via online social media applications. During these conversations, the defendant knowingly distributed child pornography of Victim 1 to Victim 3.  These images were transported using a means and facility of interstate and foreign commerce, and had been transported in and affecting interstate

4

and foreign commerce by any means, that is, via online social media applications. The defendant knew that these images constituted child pornography.

e.    Between in or about March 2019, and in or about July 2019, in the Western District of New York, the defendant received approximately two images of child pornography of Victim 3 from Victim 3 via online social media applications. The images depict Victim 3's exposed, erect penis. The defendant knew that the images she received of Victim 3 constituted child pornography.

f.    Between on or about February 21, 2020, and on or about March 6, 2020, in the Western District of New York, the defendant impersonated Victim 1 and engaged in conversations of a sexual nature with an adult male with the initials S.C. via an online social media application. During these conversations, the defendant knowingly distributed child pornography of Victim 1 to S.C. These images were transported using a means and facility of interstate and foreign commerce, and had been transported in and affecting interstate and foreign commerce by any means, that is, via an online social media application. The defendant knew that these images constituted child pornography.

g.    Relevant Conduct: On or about February 19, 2020, in the Western District of New York, the defendant did use, persuade, induce, entice, and coerce Victim 2 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, using her Motorola XT1710-02 cellular telephone, the defendant asked Victim 2 via text message to send her an image of Victim 2's penis. In response to the defendant's request, Victim 2 took a photograph of his exposed, erect penis and sent it to the defendant via text message. The defendant knew that the image she received of Victim 2 constituted child pornography.

## III. SENTENCING GUIDELINES

9.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

5

10.     Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of violating one count of Title 18, United States Code, Section 2251(a) for Victim 1, hereinafter referred to as, "Count 1 - Victim 1."

11.     Pursuant to Sentencing Guidelines § 1B1.2(c), the defendant agrees to stipulate that the relevant conduct contained in ¶ 8(g), above, shall be treated as if the defendant had been convicted of one additional count of violating Title 18, United States Code, Section 2251(a) for Victim 2, hereinafter referred to as, "Relevant Conduct - Victim 2."

## BASE OFFENSE LEVEL

12.     With regard to Count 1 – Victim 1, the government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

13.     With regard to Relevant Conduct – Victim 2, the government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

14.     The government and the defendant agree that the following specific offense characteristics do apply to the offenses of conviction:

6

Count 1 – Victim 1

        a.      the two level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years];

        b.      the two level increase pursuant to Guidelines § 2G2.1(b)(3) [the defendant knowingly engaged in distribution]; and

        c.      the two level increase pursuant to Guidelines § 2G2.1(b)(5) [the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the defendant].

Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction in Count 1 – Victim 1 is 38.

Relevant Conduct – Victim 2

        a.      the two level increase pursuant to Guidelines § 2G2.1(b)(6) [the offense involved the knowing misrepresentation of a participant's identity, and the use of a computer or an interactive computer service].

Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the Relevant Conduct – Victim 2 is 34.

## COMBINED ADJUSTED OFFENSE LEVEL

15.    The government and the defendant agree that pursuant to Guidelines §§ 1B1.2(a), 1B1.2(c), 3D1.3, and 3D1.4, the conviction under Count 1 – Victim 1 and the Relevant Conduct – Victim 2 do not group together, and it is the understanding of the government and the defendant that the combined adjusted offense level for the offense of conviction, including relevant conduct, is 40.

## ACCEPTANCE OF RESPONSIBILITY

16.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 37.

## CRIMINAL HISTORY CATEGORY

17.   It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

18.   It is the understanding of the government and the defendant that, with a total offense level of 37 and criminal history category of I, and taking into account the applicable statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 210 to 240 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

8

19.    The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

20.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

21.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

22.    The defendant represents that she is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if

9

convicted, the defendant may be removed from the United States, denied citizenship, and

denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

23.    The defendant understands that the government has reserved the right to:

     a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

     b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

     c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

     d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

     e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

24.    The defendant agrees that any financial records and information provided by

the defendant to the Probation Office, before or after sentencing, may be disclosed to the

United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

25.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 18, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.  The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I, ¶ 4, of this agreement.


26.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.


27.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 18, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.


11

## VIII. FORFEITURE PROVISIONS

28.     The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following computer equipment and other electronic media which was seized by law enforcement officials based upon the execution of a search warrant or consent provided by the owner of the property:

      a.      One Motorola XT1710-02 Cell Phone, bearing serial number ZY224K326D; and

      b.      One Samsung Galaxy S8+ SM-G955U Cell Phone, bearing electronic serial number 357751082925956.

29.     Since the cellular telephones and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture of the cellular telephones and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). In addition, the defendant agrees to forfeit all interests in any and all online accounts that contain victims' information pursuant to Title 18, United State Code, Sections 2253(a)(1) and 2253(a)(3).  All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

30.     The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

31.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

32.     The defendant knowingly, intelligently, and voluntarily waives her right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether

13

constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.  The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

33.     The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed above as provided in this agreement.


## IX. TOTAL AGREEMENT AND AFFIRMATIONS

34.     This plea agreement represents the total agreement between the defendant, MELANIE THOMPSON, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York


BY:     _____
JEFFREY T. FIUT
Special Assistant U.S. Attorney

Dated:  February 23, 2021

14

I have read this agreement, which consists of pages 1 through 15. I have had a full opportunity to discuss this agreement with my attorney, Daniel J. Henry, Jr., Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


MELANIE THOMPSON
Defendant

Dated: February 23, 2021

DANIEL J. HENRY, JR., ESQ.
Attorney for Defendant

Dated: February 23, 2021

15