IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                               20-CR-184-JLS

MELANIE THOMPSON,

              Defendant.

---

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government adopts the findings of the Revised Presentence Investigation Report ("PSR") (Dkt. 15) except as specified below.

The plea agreement differs from the Sentencing Guideline calculation in the PSR in that the plea agreement calculated the defendant's total offense level to be 37 while the PSR calculated it to be 38. This difference is the result of the PSR concluding that Guidelines § 2G2.1(b)(2)(A) applies with respect to Count 1A: Victim 1. PSR § 45. The plea agreement does not apply Guidelines § 2G2.1(b)(2)(A). As a result of this difference, the PSR concludes that the defendant's sentencing range is a term of imprisonment of 235-240 months and a fine of $50,000-$250,000, rather than a term of imprisonment of 210-240 months and a fine of $40,000-$250,000, as contemplated in the plea agreement. Pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate the calculation in the plea agreement.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Unless the Court finds that the defendant is indigent, the defendant is also required to pay an additional $5,000 assessment at the time of sentencing. 18 U.S.C. § 3014. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

Restitution for the full amount of the victims' compensable losses must be ordered by the Court.[1]

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Recovery Division
> U.S. Attorney's Office WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

---

[1] To date, no victim has submitted a restitution request. The government will promptly provide the Court and defense counsel with any requests the government receives.

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

DATED:  Buffalo, New York, July 19, 2021.

                        JAMES P. KENNEDY, JR.
                        United States Attorney

BY:    s/JEFFREY T. FIUT
        Special Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York   14202
        (716) 843-5796
        Jeffrey.Fiut@usdoj.gov